UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:

       VAN E. JOHNSON,

                          Debtor.                      **MEMORANDUM AND ORDER**
                                                                    14-MC-1100 (RRM)
------------------------------------------------------------------------X
VAN E. JOHNSON,

                          Plaintiff,

       -- against --

WELLS FARGO BANK, N.A. d/b/a AMERICA'S
SERVICING COMPANY, BANK OF AMERICA,
NATIONAL ASSOCIATION as Trustee for MORGAN
STANLEY TRUST 2006-6AR, MORGAN STANLEY
CAPITAL 1 INC., A DELAWARE CORPORATION, as
Depositor, MORGAN STNALEY & CO. as Underwriter,
MORGAN STANLEY MORTGAGE CAPITAL INC.,
as Seller, IDEAL MORTGAGE BANKERS d/b/a LEND
AMERICA, KR MANAGEMENT LLC & MALCO REAL
ESTATE INC., and JOHN AND JANE DOES 1 THROUGH 10,

                          Defendants.
------------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       Presently before the Court are the proposed findings of fact and conclusions of law of the

Honorable Elizabeth S. Stong, Bankruptcy Judge, pursuant to 28 U.S.C. § 157(c)(1).  Those

proposed findings relate to an adversary proceeding commenced by the debtor, Van E. Johnson

("Johnson"), arising out of his Chapter 13 bankruptcy.  Johnson's claims, which allege abusive

and discriminatory loan practices by the above-captioned defendants, derive from a loan and

mortgage into which he entered in connection with the purchase of a home in 2006, and sound in

violations of the New York State Banking Law, the Fair Housing Act, the Equal Opportunity Act, and the Civil Rights Act.

As Judge Stong notes, (see Doc. No. 1-4 at 7), these claims do not arise under the Bankruptcy Code and could be asserted independently of Johnson's bankruptcy.[1] There is no dispute that, as a consequence, these are "non-core" matters. The Bankruptcy Court "may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11," and "submit proposed findings of fact and conclusions of law to the district court." 11 U.S.C. § 157(c)(1); *see Executive Benefits Ins. Agency v. Arkison*, ____U.S. ____, 134 S.Ct. 2165, 2172 (2014). "The district court must then review these proposed findings and conclusions *de novo* and enter any final orders or judgments." *Arkison*, 134 S.Ct. at 2172; *see* 11 U.S.C. § 157(c)(1) (stating that "any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected").[2]

Any objections were due within fourteen days of the Bankruptcy Court's service of those proposed findings on the parties. Fed. R. Bankr. P. 9033(b). Judge Stong's proposed findings, which are dated August 22, 2014, were served on the parties on August 24, 2014. (*See* Doc. No. 1-1.) The Bankruptcy Court transmitted those proposed findings to this Court fifteen days later,

---

[1] Judge Stong, in her decision, also denied the motion of Wells Fargo and Bank of America (in their capacity as creditors) to dismiss Johnson's objection to their proof of claim as untimely. That decision implicated a core matter. (*See* Doc. No. 1-4 at 7–8 (citing 28 U.S.C. § 157(b)(2)(B) and *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1390 (2d Cir. 1990) ("[W]e hold that the instant adversary proceeding, which involves the determination of an objection to a proof of claim filed in the bankruptcy case, is clearly at the core of the federal bankruptcy function of restructuring debtor-creditor rights, implicating the unique powers of bankruptcy courts.")).) The Bankruptcy Court's decision and accompanying order therefore served as a "final determination" of that discrete core issue, (*id.* at 8), which was then "appealable to the district court, § 158(a)(1), which reviews the judgment under traditional appellate standards, Rule 8013." *Arkison*, 134 S.Ct. at 2171–72. Because Judge Stong's proof-of-claim decision was not appealed, that separate ruling is not subject to review by this Court.

[2] The Supreme Court clarified in *Arkison* that proceedings classified by 11 U.S.C. § 157(b)(2) as core, but over which the Bankruptcy Court lacks final adjudicative authority, may also proceed in the same manner. *See Arkison*, 134 S.Ct. at 2173.

no objections having been filed on the bankruptcy docket as of that date. (*See id.*) This Court's own docket, likewise, reflects that no objections have been filed to date.

After examining the record *de novo* on the non-core matters addressed by Judge Stong, and pursuant to Rule 8013 on the core matters addressed by Judge Stong, the Court hereby adopts the proposed findings of fact and conclusions of law for the reasons set forth in Judge Stong's well-reasoned and extremely thorough decision. It is therefore,

ORDERED, that defendants' motions to dismiss Johnson's claims under the New York State Banking Law, the Fair Housing Act, the Equal Opportunity Act, and the Civil Rights Act are hereby granted, and it is further

ORDERED, that Johnson is granted leave to re-plead those claims.

Accordingly, the Court directs that this adversary proceeding be returned to the Bankruptcy Court for further proceedings consistent with this Memorandum and Order. The Clerk of Court is further directed to close this case.

SO ORDERED.

*/s/ Roslynn R. Mauskopf*

Dated: Brooklyn, New York
March 6, 2015

_____
ROSLYNN R. MAUSKOPF
United States District Judge